# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ANGELA KINCAID, | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-2085-JTF-dkv |
| | ) |
| NSK STEERING SYSTEM, INC., | ) |
|       Defendant. | ) |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant NSK Steering System Inc.'s Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) that was filed on March 14, 2016. (ECF No. 7). Plaintiff, proceeding *pro se*, did not file a response to the motion. Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), and Fed. R. Civ. P. 1, the matter was referred to the Magistrate Judge for determination and report and recommendation of all pretrial dispositive matters. On April 18, 2016, the Magistrate Judge issued a report and recommendation to which the Plaintiff filed timely objections under Fed. R. Civ. P 72(b)(2) and L.R. 72.1(g)(2) on April 22, 2016. (ECF No. 14 and ECF No. 15). For the following reasons, the Court finds that the Magistrate's report and recommendation should be adopted and case Dismissed.

## I. FACTUAL HISTORY

Plaintiff Angela Kincaid has filed this case against her former employer alleging that she was terminated in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(f)(1). Within her complaint, she alleges that although she was qualified for the position of "machine operator" or "team technician" and met her job expectations, she was reassigned from the night shift to the day shift, and never received any training in comparison to the younger, white male employees. Later, Kincaid was demoted to the position of floater wherein she assumed janitorial duties. Kincaid asserts that she was disciplined, harassed and ridiculed in front of her fellow co-workers and eventually terminated on February 19, 2014. Because of her termination, Kincaid filed a charge with the Equal Employment Opportunity Commission ("EEOC") on April 29, 2014, wherein she alleged discrimination based on race, sex and for retaliatory discharge. The agency issued Kincaid a Right to Sue Letter dated June 16, 2015. However, Kincaid did not file her complaint in federal district court until February 5, 2016.

As noted above, Kincaid filed objections to the Magistrate Judge's report and recommendation. However, none of the objections relate to the Magistrate Judge's factual findings or the resulting recommendation that the case be dismissed. Therefore, the Court adopts the Magistrate Judge's proposed factual findings as the complete factual history of this case.

## II. STANDARD OF REVIEW

A United States District Court Judge may refer certain dispositive pretrial motions to a United States Magistrate Judge for submission of proposed findings of fact and conclusions of law for disposition by the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); *Brown v. Wesley Quaker Maid, Inc.,* 771 F.2d 952, 957 (6th Cir. 1985). The District Judge may accept, reject or modify in whole or in part, the Magistrate's proposed findings and recommendations.

While most actions by a Magistrate Judge are reviewed for clear error, dispositive recommendations to the district judge are reviewed *de novo*. *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985). The district judge must review and issue a *de novo* determination of any part of the Magistrate Judge's report and recommendation that has been properly objected to. *Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) and Fed. R. Civ. P. 72(b)(3).

### III. <u>ANALYSIS</u>

The Magistrate Judge recommends that the undersigned Court grant the Defendant's motion to dismiss this case because the complaint is time-barred. Allowing the additional five days from the date the Right to Sue notice was issued, the Magistrate Judge presumed that Kincaid received her notice by June 21, 2015. Therefore, Kincaid had until Monday, September 21, 2015 in which to initiate her action in federal court. Instead, Kincaid filed her case on February 5, 2016, or 229 days after receipt of her Right to Sue and well outside of the 90-day mandatory filing period. *Truitt v. Cnty of Wayne*, 148 F.3d 644, 648-49 (6th Cir. 1998).

The Magistrate Judge also concluded that Kincaid has not satisfied the requirements for equitable tolling of the filing period in order to allow her complaint to withstand the Defendant's motion to dismiss. See *Baldwin County Welcome Center v. Brown*, 366 U.S. 147, 152 (1984); *Williams v. Sears, Roebuck and Co.*, 143 F.Supp.2d 941 (W.D. Tenn. 2001). Federal courts have strictly enforced the 90-day statutory filing requirement in Title VII cases, particularly when the undisputed facts and/or the record, when viewed in a light most favorable to the Plaintiff, demonstrate that the lawsuit was untimely filed without evidence of waiver, estoppel or any other compelling justification or excuse for the delay. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 n. 8 (6th Cir. 2000). Applying the five relevant factors considered when determining whether equitable tolling is allowed, the Magistrate Judge

concluded that although Kincaid was made aware of the time limitations for filing her complaint, she failed to provide any reason why her complaint was untimely filed.

Last, the Magistrate Judge also reported that Kincaid's age discrimination claim had not been administratively exhausted because it was omitted from the charge filed with the EEOC. (ECF No. 12, pp. 7-10). Thus, the Magistrate Judge recommended dismissal of the age discrimination charge.

In the objections filed on April 22, 2016, Kincaid asserts that the Magistrate Judge erred by staying the case pending resolution of the Defendant's motion to dismiss. (ECF No. 15). She further objects by arguing that the Defendant's reasons for her termination are unfounded. She goes on to describe several instances that occurred during her employment. In essence, Kincaid attempts to re-allege her discrimination claims without specifically addressing the Magistrate Judge's conclusion that her complaint is time-barred. Without a specific objection, it is difficult for the Court to know what the Plaintiff finds objectionable. The failure to identify specific concerns with a Magistrate Judge's report and recommendation allows the party's objection to be reviewed as a general objection, or a failure to object entirely. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard,* 932 F.2d at 509).

## CONCLUSION

Upon a *de novo* review of the report and recommendation and Kincaid's objections, the Court finds the Defendant's motion to dismiss should be granted. Kincaid has failed to respond or contradict that her complaint was not untimely filed, nor has she provided any compelling reasons for equitable tolling. As such, the objections are overruled, the Magistrate Judge's report and recommendation is adopted and the Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED.

**IT IS SO ORDERED** this 3rd day of May, 2016.

<pre>                              <u>*s/John T. Fowlkes, Jr.*</u>
                              JOHN T. FOWLKES, JR.
                              UNITED STATES DISTRICT JUDGE</pre>