IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **ANGELA KINCAID,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Case No. 2:16-cv-02085-JTF-dkv<br>) |
| **NSK STEERING SYSTEM, INC.,** | )<br>) |
| **Defendant.** | )<br>)<br>) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff's *pro se* Motion for Reconsideration that was filed on May 16, 2016. (ECF No. 19). Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the motion was referred to the Magistrate Judge. On June 2, 2016, the Defendant filed a Response in Opposition to the Motion for Relief from Judgment. (ECF No. 21). On March 28, 2017, the Magistrate Judge issued a Report and Recommendation. (ECF No. 22). Timely Objections have not been filed pursuant to 28 U.S.C. § 636 (c) or LR 72.1(g). After a *de novo* review, the Court adopts the Magistrate Judge's report and recommendation and Plaintiff's Motion for Reconsideration is Denied.

**I. FINDINGS OF FACT**

The Court adopts the Magistrate Judge's proposed findings of facts as summarized in the instant Report and Recommendation. (ECF No. 22).

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). These referrals may include non-dispositive pretrial matters, such as a motion to compel or a motion for a protective order concerning discovery. 28 U.S.C. § 636(b)(1)(A). The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. Fed. R. Civ. P. 72. The referrals may also include dispositive matters such as a motion for summary judgment or a motion for injunctive relief. 28 U.S.C. § 636(b)(1)(B). When a dispositive matter is referred, the magistrate judge's duty is to issue proposed findings of fact and recommendations for disposition, which the district court may adopt or not. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. If the magistrate judge issues a non-dispositive pretrial order, the district court should defer to that order unless it is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, if the magistrate judge's order was issued in response to a dispositive motion, the district court should engage in *de novo* review of all portions of the order to which specific written objections have been made. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Baker v. Peterson*, 67 Fed. App'x. 308, 310, 2003 WL 21321184 *2 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for non[-]dispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard.").

Standard for Rule 60(b) Relief

Fed. R. Civ. P. 60 (b) sets forth the criteria for determining whether relief from a federal court's judgment or order is warranted. It provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008), quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks omitted). Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *See McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.,* 298 F.3d 586, 592 (6th Cir. 2002).

### III. ANALYSIS

Plaintiff requests that the Court reconsider dismissal of this action because of her attorney's failure to timely file her case. In support of her position, Plaintiff submitted copies of her July 2015 Attorney-Client Agreement and copies of her receipt for payment. (ECF Nos. 19 & 19-1, pp. 1-11). Defendant responds that Plaintiff is not entitled to Rule 60(b) relief because

neither Plaintiff's neglect nor the alleged neglect of her counsel is excusable. The Defendant also asserts that Plaintiff does not qualify for equitable tolling in this case. (ECF No. 21, p. 6).

The Court previously ordered the case dismissed because Plaintiff filed her complaint with the Court 229 days after receiving her Right to Sue Notice from the EEOC, instead of within the ninety (90) days allowed. (ECF Nos. 12 and 19). The Magistrate Judge determined that Plaintiff has not demonstrated an entitlement to Rule 60(b)(1) relief for excusable neglect based on a lack of culpability. She correctly determined that the terms of the Attorney-Client Agreement clearly provided that due to work constraints, counsel would only draft the Title VII complaint and that Plaintiff would in turn, subsequently file the matter, pay the filing fees, and proceed *pro se*. (ECF Nos. 22, pp. 3-5 and 19-1). Moreover, Plaintiff was also notified that she had 90 days in which to file her complaint in the undersigned court, eliminating relief under Rule 60(b)(1) or equitable tolling. (ECF No. 22, p. 5). Because Plaintiff was in possession of the Attorney-Client Agreement on or about July 15, 2015, the Magistrate Judge further found the agreement does not qualify as new evidence under Rule 60(b)(2). Finally, the Magistrate Judge concluded that Plaintiff's proffered reason for the untimely filing was excusable neglect. As such, that reason precludes any reliance on misrepresentation as a basis for relief from judgment under Fed. R. Civ. P. 60(b)(6). (ECF No. 22). "It clearly would be inappropriate to invoke subsection (b)(6) to grant relief that is foreclosed under subsection (b)(1). We have observed that these two clauses are mutually exclusive, with relief available under subsection (b)(6) only in the event that none of the grounds set forth in clauses (b)(1) though (b)(5) are applicable." *McCurry*, 298 F.3d at 596 and *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 366 (6th Cir. 1990).

Upon a *de novo* review, the Court finds the Magistrate Judge correctly determined that Plaintiff has not demonstrated a case for Rule 60(b) relief. See *McCurry,* 298 F.3d at 593

(attorney error and legal malpractice foreclose an award of relief under Rule 60(b)(1)); *FHC Equities, LLC. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683-87 (6th Cir. 1999) (strategic miscalculations nor counsel's misinterpretation of the law warrant relief from judgment); *Pioneer Inv. Serv. Co. v. Brunswick Assoc's Ltd P'ship*, 507 U.S. 380, 396 (1993)(clients must be held accountable for the acts and omissions of their attorneys). *See also, Tippie v. Tennessee Dept. of Revenue*, No. 10-2702-STA-dkv, 2012 WL 3060098, *2 (W.D. Tenn. July 25, 2012) (counsel's inadvertent mistake or gross carelessness are insufficient grounds for Rule 60(b)(1) relief). "Furthermore, "out-and out lawyer blunders - the type of action or inaction that leads to successful malpractice suits by the injured client - do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1)." *Id.*, quoting *McCurry,* 298 F.3d at 596. The Court does not find that counsel failed to honor the Attorney-Client Agreement or made any misrepresentations in that regard to Plaintiff. Plaintiff indicates in her motion for reconsideration that there was simply "a huge misunderstanding." (ECF No. 19, p. 2 & ECF No. 22, p. 4).

For the reasons stated above, the Court adopts the Magistrate Judge's report and recommendation and finds that the Plaintiff's Motion for Reconsideration, ECF No. 19, should be Denied.

**IT IS SO ORDERED** this 18th day of April, 2017.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE